# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8214 | **DATE** | 1/5/11 |
| **CASE TITLE** | William Radcliffe (#B-17299), et al. vs. Supt. Reyes, et al. | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, David Clayton is dismissed as a co-plaintiff, without prejudice to his refiling his own, separate lawsuit. Plaintiff Radcliffe's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. Mr. Radcliffe is directed to: (1) submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his jail and prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from June 27, 2010, through December 27, 2010]; and (2) submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim. The clerk is directed to: (1) update plaintiff Radcliffe's address to reflect that he is now a state prisoner; (2) provide Mr. Radcliffe with an *in forma pauperis* application, amended civil rights complaint form, and instructions along with a copy of this order; and (3) mail a copy of this order to inmate David Clayton (#2008-0032118). Failure of Mr. Radcliffe to comply with these directives within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case in its entirety. Mr. Radcliffe is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiffs, a current and former pretrial detainee at the Cook County Jail, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claims that the defendants, correctional officials, violated the plaintiffs' constitutional rights by denying them meaningful access to the courts, by requiring them to fill out a confirmation slip to receive breakfast, by refusing to permit inmates to line-dry their clothing, by blasting the air conditioning to unreasonably cool temperatures, by mishandling inmate mail, by not properly maintaining the showers, and by failing to adhere to safety and sanitation standards in preparing food.

On the court's own motion, David Clayton is dismissed as a co-plaintiff. Although Mr. Clayton signed the complaint, he has neither paid the statutory filing fee nor filed an application for leave to proceed *in forma pauperis*. The body of the complaint, furthermore, is written in first person singular ("I was given 2 institutional t-shirts," "I passed the dinner trays on the ground floor," etc.). In addition, a review of the Cook County and Illinois Department of Corrections websites reveals that Mr. Radcliffe, the principal plaintiff, is now a state **(CONTINUED)**

mjm

prisoner. [He was evidently transferred to state custody immediately after he initiated suit.] The court is aware that prison regulations generally prohibit inmates at different correctional facilities from corresponding with each other. Consequently, joint litigation would not be practicable. Clayton is therefore dismissed as a co-plaintiff in this matter. Dismissal is without prejudice to Mr. Clayton filing his own, separate lawsuit should he wish to do so.

Mr. Radcliffe must either pay the statutory filing fee or file a renewed, properly completed application for leave to proceed *in forma pauperis*. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Mr. Radcliffe's i.f.p. petition is not certified, and he has failed to include copies of his prison trust fund ledgers. If Mr. Radcliffe wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 27, 2010, through December 27, 2010].

Mr. Radcliffe must also submit an amended complaint, as the document on file contains misjoined claims and defendants. As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. The plaintiffs' sprawling complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

For the foregoing reasons, the plaintiffs' "blunderbuss" complaint is dismissed without prejudice. Plaintiff Radcliffe must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

As a final concern, the plaintiffs are cautioned to perform some basic legal research prior to deciding which claims, if any, to bring. Several of the plaintiffs' claims appear to concern grievances that implicate no constitutional right. There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.). The Constitution does not concern itself with *de minimis* matters.

| **STATEMENT (continued)** |
|---|

In sum, plaintiff Radcliffe is granted thirty days to: (1) either file a properly completed application for leave to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint (plus a judge's copy and service copies) on the court's required form limited to a single, basic claim. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.**

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide plaintiff Radcliffe with an i.f.p. application, an amended civil rights complaint form, and instructions along with a copy of this order. If Mr. Radcliffe fails to comply with these directives within thirty days, the case will be summarily dismissed.